UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DEMOS P. DEMOPOULOS, DANIEL J. GATTO,   *
KENNETH BARRETT, WILLIAM CASSESE,   *
and JOHN A. CURCIO, as Trustees and Fiduciaries   *
of the LOCAL 854 PENSION FUND,   *
                                                                  *
                                                                  *
                                               Plaintiffs,   *
                                                                  *
                    - against -   *
                                                                  *
JOFAZ TRANSPORTATION, INC.,   *
Y & M TRANSIT CORP.,   *
                                                                  *
                                                                  *
                                               Defendants.   *
---------------------------------------------------------------X

## COMPLAINT

The Trustees and Fiduciaries (the "Trustees") of the Local 854 Pension Fund the "Pension Fund"), by their attorneys, Friedman & Anspach, allege as follows:

## INTRODUCTION

1.      In this action, Plaintiffs request that the Court order Defendants Jofaz Transportation, Inc. and Y & M Transit Corp. (the "Defendants") to submit certain salary data to the Pension Fund.

2.      In bringing this action, the Trustees are enforcing the terms of the trust agreement governing the Pension Fund (the "Trust Agreement").  This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq.  Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement and ERISA.

1

JURISDICTION AND VENUE

3.     Subject matter jurisdiction is invoked pursuant to Sections 502(a)(3), 502(e)(1), 502(f) and 502(g)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1132(g)(2).

4.     This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered in this District, a breach took place in this District, and the Defendant may be found in this District.

PARTIES

5.     Plaintiffs are the Trustees and Fiduciaries of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Plaintiffs comprise the Boards of Trustees of the Pension Fund and are the "plan sponsor" within the meaning of ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

6.     The Pension Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), with its principal office located at 50 Charles Lindbergh Boulevard, Suite 207, Uniondale, New York 11553.  The Pension Fund was established pursuant to the terms of collective bargaining agreements between Local 854, IBT and various employers who are required to make contributions to the Pension Fund on behalf of their employees covered by the collective bargaining agreements.

7.     The Funds are maintained for the purpose of collecting and receiving contributions and providing pension and other types of benefits to eligible participants and their dependents pursuant to and in accordance with the Trust Agreement.

8.    Jofaz Transportation, Inc. is a New York corporation located at 1 Coffey St., Brooklyn, New York 11231.

9.    Y & M Transit Corp. is a New York corporation located at 1 Coffey St., Brooklyn, New York 11231.

BACKGROUND

10.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 8 as if the same were fully set forth herein.

11.    At all times material hereto, Defendants were a party to and bound by collective bargaining agreements requiring contributions to the Pension Fund.

12.    At all times relevant to the allegations herein, Defendants were bound by the Trust Agreement.

13.    ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring an action to enforce the terms of the Trust Agreement.

14.    The Trust Agreement authorizes the Trustees to construe their provisions and the terms used therein and provide that any construction adopted by the Trustees in good faith is binding upon the signatory employer.

15.    Article VII, Section 4 of the Trust Agreement provides that "Each Employer shall promptly furnish to the Board of Trustees on demand, any and all records relating to such Employer's Employees determined by the Board of Trustees to be needed to determine that appropriate Contributions are being made to the [Pension] Fund."

16.    In order to calculate pension amounts and determine whether appropriate Contributions are being made, the Pension Fund requires the history of salary rates for each employee on whose behalf contributions were made ("Salary Data").

17.     The Pension Fund sent letters to the Defendants on February 18, 2015, June 11, 2015, and September 15, 2015, requesting Salary Data for Defendants' employees for the period from August 31, 2009 to the date of each letter.

18.     Counsel for the Pension Fund sent letters to the Defendants on December 7, 2016 and April 26, 2017 requesting Salary Data for Defendants' employees for the period from August 31, 2009 to the date of each letter.

19.     On May 24, 2017, Defendants sent certain Salary Data to the Pension Fund.  However, such data was incomplete and included neither Salary Data for all of Defendants' employees nor Salary Data for all periods from August 31, 2009 to May 24, 2017.

20.     On June 22, 2017, Counsel for the Pension Fund notified Counsel for Defendants that the data provided on May 24, 2017 was incomplete and requested all Salary Data from August 31, 2009 to the present.

21.     On January 16, 2018, Counsel for the Pension Fund again notified Counsel for Defendants that the data provided was incomplete and requested all Salary Data from August 31, 2009 to the present.

22.     To date, the requested Salary Data has not been provided.

23.      Accordingly, Defendants have failed to produce the necessary records to permit the Pension Fund to calculate pension amounts and determine whether appropriate contributions are being made.

### FIRST CAUSE OF ACTION:
### FOR FAILURE TO PROVIDE SALARY DATA

24.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 23 as if the same were fully set forth herein.

4

25.     The refusal and failure of Defendants to provide the Pension Fund with Salary Data for the period from August 31, 2009 to the present violates the Trust Agreement, which provides that "Each Employer shall promptly furnish to the Board of Trustees on demand, any and all records relating to such Employer's Employees determined by the Board of Trustees to be needed to determine that appropriate Contributions are being made to the [Pension] Fund."

26.     The refusal and failure of Defendants to provide the Pension Fund with the Salary Data also violates Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees."  In addition, under ERISA Section 107, 29 U.S.C. § 1027, employers must make their "records available for an examination period of not less than six years."

27.     As a result of Defendants' conduct in violation of the Trust Agreement and ERISA, Plaintiffs are entitled to an Order (1) directing Defendants to produce all Salary Data from August 31, 2009 to the date of such order and (2) awarding the Trustees reasonable attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1.     An Order enjoining Defendants to provide to the Pension Fund all Salary Data for their employees for the period from August 31, 2009 to the date of the Order within thirty (30) days.

2.     An Order holding Defendants liable for all reasonable attorneys' fees and costs pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1);

3.      Such other and further equitable relief as this Court deems just and proper.

Dated: May 1, 2018
       New York, New York

                                   By:     /s/_____
                                           Paris Nicholls

                                           FRIEDMAN & ANSPACH
                                           1500 Broadway, Suite 2300
                                           New York, New York 10036
                                           (212) 354-4500

                                           Attorneys for Plaintiffs

4826-0603-8872, v. 1